UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KURT JONES, | ) | |
|---|---|---|
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| DETECTIVE JUAN GONZALEZ, | ) | |
| individually, FAYE JENKINS, and the | ) | Magistrate Judge |
| CITY OF CHICAGO, a municipal | ) | |
| corporation, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Now comes the plaintiff, KURT JONES, buying through his attorneys, Gregory E. Kulis & Associates, Ltd., and in support of his complaint against the defendants, DETECTIVE JUAN GONZALEZ, FAYE JENKINS, and THE CITY OF CHICAGO, states as follows:

## COUNT I – CIVIL CONSPIRACY

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the Laws of the State of Illinois, to redress deprivations of the civil rights of the plaintiff, KURT JONES, accomplished by acts and/or omissions of the defendants, DETECTIVE JUAN GONZALEZ, individually, FAYE JENKINS, and the CITY OF CHICAGO, committed under color of law.

2. This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 as this matter involves issues of federal law and supplemental issues under the State Law of Illinois.

3. The plaintiff, KURT JONES, is a resident of the State of Illinois and at all relevant times was an employee of Chicago Public Schools and the principal at Franklin Elementary Fine Arts Center in Chicago, Illinois.

1

4. The defendant, DETECTIVE JUAN GONZALEZ, was at all times relevant to the allegations of the complaint, a duly appointed police officer of the CITY OF CHICAGO from the ninth district and was acting within his scope of employment and then under color of law.

5. The defendant FAYE JENKINS was at all relevant times and an employee of Chicago public schools at the Franklin Elementary Fine Arts Center in Chicago, Illinois the defendant CITY OF CHICAGO is a municipal entity and the employer of DETECTIVE JUAN GONZALEZ.

6. In the early period of March 2020, COVID-19 invaded the country and schools were closed or went virtual.

7. There was a skeleton staff at the Franklin Elementary Fine Arts Center, including the plaintiff, KURT JONES, and the defendant, FAYE JENKINS.

8. On March 20, 2020, KURT JONES, FAYE JENKINS, and other employees of the school were working at the school and started playing games in the lunchroom.

9. All the individuals started throwing things at each other.

10. During this agreed-upon mischievous playing around, FAYE JENKINS got hit in the face with a water bottle.

11. KURT JONES, who threw a child's sippy cup, did not intend on injuring anyone.

12. FAYE JENKINS did not receive great bodily harm.

13. FAYE JENKINS received a minor injury as a result of their agreed-upon mischievous conduct.

14. FAYE JENKINS got upset and called the Chicago police.

15. Chicago Police officers came to Franklin Elementary School and investigated the incident.

16. The Chicago police officers interviewed all the witnesses, including FAYE JENKINS and KURT JONES.

17. The investigating Chicago Police officers determined there was no criminal conduct.

18. Defendant, FAYE JENKINS, decided to set up the plaintiff, KURT JONES, for criminal charges to better her claim for personal injuries.

19. The defendant thereafter met with defendant, Chicago Police DETECTIVE JUAN GONZALEZ.

20. DETECTIVE JUAN GONZALEZ was not assigned to the district where this incident occurred but somehow became a second investigating officer.

21. DETECTIVE JUAN GONZALEZ and FAYE JENKINS conspired to have KURT JONES arrested despite there being no evidence of criminal intent or criminal acts.

22. The defendants, FAYE JENKINS and DETECTIVE JUAN GONZALEZ, acted with the authority of the Chicago Police Department and under color of law.

23. The plaintiff, KURT JONES, was ultimately arrested on or about June 26, 2020 after numerous attempts to get approval for charges.

24. There was no probable cause to arrest the plaintiff, KURT JONES.

25. Said arrest was based on the conspiracy between DETECTIVE JUAN GONZALEZ and FAYE JENKINS in violation of KURT JONES's Fourth and Fourteenth amendment rights as protected by 42 U.S.C. § 1983.

26. The actions of the defendants were intentional, willful, and wanton.

27. As a result of the actions of the defendants, the plaintiff, KURT JONES, suffered fear, insult, emotional distress, damage to his reputation, pain, suffering, and monetary loss and expenses.

WHEREFORE plaintiff, KURT JONES, prays for judgment against the Defendants, DETECTIVE JUAN GONZALEZ, for reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### **COUNT II – FALSE ARREST 42 U.S.C. §1983**

1-24. The plaintiff hereby realleges and incorporates his allegations of paragraphs one through 24 of Count I as his respective allegations of paragraphs 1 to 24 of Count II as though fully set forth herein.

25. The defendants had the plaintiff, KURT JONES, arrested in shorts and flip-flops on June 26, 2020.

26. The defendant had the plaintiff, KURT JONES, arrested by a fugitive swat team.

27. The plaintiff, KURT JONES, was arrested as a result of actions of the defendant, DETECTIVE JUAN GONZALEZ.

28. The plaintiff was arrested without the defendant, DETECTIVE JUAN GONZALEZ, going to the scene of the alleged crime.

29. The plaintiff was charged and arrested without the defendant, DETECTIVE JUAN GONZALEZ, investigating or confirming that FAYE JENKINS received great bodily harm.

30. The plaintiff, KURT JONES, was charged and arrested without defendant, DETECTIVE JUAN GONZALEZ, speaking to the officers who were on the scene and investigated on the date of the incident.

31. The plaintiff, KURT JONES, was charged and arrested without defendant, DETECTIVE JUAN GONZALEZ, even interviewing KURT JONES.

32. The plaintiff, KURT JONES, was charged and arrested without defendant, DETECTIVE JUAN GONZALEZ, reviewing FAYE JENKINS' medical records.

33. The plaintiff, KURT JONES, was charged and arrested without defendant, DETECTIVE JUAN GONZALEZ, attempting to determine that FAYE JENKINS had a motive to fabricate the allegations against KURT JONES.

34. The plaintiff, KURT JONES, was charged and arrested without defendant, DETECTIVE JUAN GONZALEZ, considering that FAYE JENKINS had prior convictions reflecting dishonesty.

35. The plaintiff, KURT JONES, was charged and arrested without the defendant, DETECTIVE JUAN GONZALEZ, also considering the fact that FAYE JENKINS had told a police officer that she had been hit "by accident."

36. The plaintiff, KURT JONES, was charged and arrested as a result of defendant, DETECTIVE JUAN GONZALEZ, failing to interview the individuals that were present when the incident took place or even go and view the scene of the occurence.

37. KURT JONES was charged and arrested as a result of defendant's, DETECTIVE JUAN GONZALEZ, lack of an investigation, even though GONZALEZ did not verify purported witness statements or determine their accuracy.

38. DETECTIVE JUAN GONZALEZ wore blinders to the obvious facts that KURT JONES had not committed any crime.

39. Irrespective of no substantiating evidence, the defendant, DETECTIVE JUAN GONZALEZ, pushed and sought charges.

40. Rather than notifying Kurt Jones or informing him he was going to be arrested, the defendant, DETECTIVE JUAN GONZALEZ, had the Fugitive Task Force arrest him at his home as he was dressed in gym shorts and flip flops.

41. As a result of the actions and in action of the defendant one Gonzales, the plaintiff, KURT JONES, was arrested and suffered as a result thereof.

42. The actions of the defendant, DETECTIVE JUAN GONZALEZ, were done with reckless disregard of the plaintiff's, KURT JONES, Fourth and Fourteenth amendment rights.

43. The actions and omissions of the defendant, DETECTIVE JUAN GONZALEZ, were intentional, willful, and wanton.

44. As a result of the actions, inactions, and omissions of defendant, DETECTIVE JUAN GONZALEZ, the plaintiff, KURT JONES, suffered violations of his Fourth and Fourteenth amendment rights as protected by 42 U.S.C. §1983.

45. As a result of the actions, inactions, and omissions of the defendant, DETECTIVE JUAN GONZALEZ, the plaintiff, KURT JONES, suffered fear, insult, embarrassment, emotional distress, damage to his reputation, monetary loss and expense, pain, suffering, and future damage losses and damage to his reputation.

WHEREFORE plaintiff, KURT JONES, prays for judgment against the Defendants, DETECTIVE JUAN GONZALEZ, for reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – MALICIOUS PROSECUTION STATE LAW JENKINS AND GONZALEZ

1-32. The plaintiff hereby realleges and incorporates his allegations of paragraphs three through 34 of Count II as those allegations of paragraphs 1 through 32 of Count III as though fully set forth herein.

33. The defendants, FAYE JENKINS and DETECTIVE JUAN GONZALEZ, proceeded with criminal charges against KURT JONES knowing there was no probable cause to proceed and no evidence to support these charges.

34. This matter went to trial on September 30, 2021.

35. KURT JONES was found not guilty on all charges, as set out in a six-page ruling by the Honorable Judge Angela Petrone (See Exhibit 1).

36. As a result of the prosecution against him, the plaintiff, KURT JONES, had to retain defense counsel, expend money, and upend his life.

37. As a result of the actions of the defendants, FAYE JENKINS and DETECTIVE JUAN GONZALEZ, the plaintiff, KURT JONES, suffered fear, emotional damages, emotional distress, anxiety, monetary loss and expense.

38. The actions of the defendants, FAYE JENKINS and DETECTIVE JUAN GONZALEZ, were intentional, willful, and wanton.

WHEREFORE plaintiff, KURT JONES, prays for judgment against the Defendants, DETECTIVE JUAN GONZALEZ, for reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT IV – INDEMNIFICATION, CITY OF CHICAGO AS TO JUAN GONZALEZ

1-38. The Plaintiff, KURT JONES, hereby realleges and incorporates his allegations of

paragraphs 1 to 38 of Count III as his respective allegations of paragraphs 1 to 38 of Count IV as though fully set forth herein.

39. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

40. The Defendant, DETECTIVE JUAN GONZALEZ, was an employee of THE CITY OF CHICAGO, who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, should the Defendant, DETECTIVE JUAN GONZALEZ, be found liable for any of the acts alleged above, the Defendant, THE CITY OF CHICAGO, would be liable to pay the Plaintiff, any judgment obtained against the Defendant, DETECTIVE JUAN GONZALEZ.

## COUNT V – FALSE ARREST AS TO FAYE JENKINS, ILLINOIS LAW

1-32. The plaintiff hereby realleges and incorporates his allegations of paragraphs 3 through 34 of Count II as those allegations of paragraphs 1 through 32 of Count V as though fully set forth herein.

33. The arrest of KURT JONES in part was proximately caused by the lies and fabrications of FAYE JENKINS.

34. The actions of the defendant, FAYE JENKINS, were intentional, willful and wanton.

35. As a result of the actions of the defendant, FAYE JENKINS, the plaintiff, KURT JONES, suffered fear, emotional damages, emotional distress, anxiety, monetary loss and expense.

WHEREFORE the plaintiff, KURT JONES, prays for judgment against the Defendants, DETECTIVE JUAN GONZALEZ, for reasonable compensatory damages, punitive damages, and costs.

**JURY DEMAND**

The plaintiff, KURT JONES, hereby requests a trial by jury.

Respectfully submitted,
KURT JONES

By: _____
Gregory E. Kulis

Gregory E. Kulis (6180966)
Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602-3368
p. (312) 580-1830 / f. (312) 580-1839
e. service@kulislawltd.com
Pursuant to Illinois Supreme Court Rules 11(b)(6) and 131(d)(1) e-service is accepted solely at service@kulislawltd.com.